UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:16-59-KKC-1 |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| ALAN ARNOLD GODOFSKY, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant's renewed motion for a modification to his sentence. Defendant Alan Arnold Godofsky was sentenced on April 30, 2018 to 60 months imprisonment and three years of supervised release. (DE 201.) On April 23, 2020, he filed a renewed motion for a modification to his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly referred to as a motion for "compassionate release," asking that the Court release him to home confinement. (DE 236)[1] Under that statute, a court may modify a term of imprisonment if –

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier… after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable… it finds that extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] Defendant filed a motion to supplement the renewed motion on April 24, 2020. (DE 238.) The Court considers the supplement here.

1

Defendant sent a request to the warden at FCI Morgantown, where he is currently incarcerated, on March 24, 2020. (DE 236 at 1; DE 236-1.) Defendant claims that he has not received "a direct response to his request for compassionate release," but also that the request was affirmatively denied, albeit under the warden's assumption that it was a request for relief under the Elderly Offender Program. (DE 236 at 1.) The government contends that the March 24th request was made by Defendant pursuant to the Elderly Offender Program and was affirmatively denied on April 7, 2020. (DE 239 at 2-3.)

18 U.S.C. § 3582 explicitly states that this Court "may not" modify a prison term except in certain delineated circumstances. One of these circumstances is when a defendant brings a motion for compassionate release – but only if the defendant has first fully exhausted his administrative remedies or 30 days have lapsed since receipt of the request by the warden, whichever is earlier. "[D]istrict courts lack jurisdiction to consider a motion for compassionate release filed by the defendant himself unless he has fully exhausted his administrative remedies." *United States v. Gentner*, NO: 5:16-CR-11-TBR, 2019 WL 5581337, at *1 (W.D. Ky. Oct. 29, 2019). As the Third Circuit recently noted, a defendant's failure to comply with the statute's exhaustion requirement before asking a court for compassionate release was "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Further, the "mandatory language" of the statute "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "[M]andatory exhaustion statutes… establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 1857.

Even if Defendant's request to the warden was properly made under § 3582(c)(1)(A), Defendant makes no mention of any effort to appeal the denial of his request. As outlined in 28 C.F.R. § 542.15(a) ("Administrative Remedy Program – Appeals") –

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response… Appeal to the General Counsel is the final administrative appeal.

*See also* U.S. Department of Justice, Federal Bureau of Prisons, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (Jan. 17, 2009) https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *United States v. Brummett*, No. 6:07-CR-103-DCR, 2020 WL 1492763, at *1-*2 (E.D. Ky. Mar. 27, 2020). Because Defendant apparently did not seek an appeal of the denial of his request through the Administrative Remedy Program, the Court cannot find that he has exhausted his administrative rights and, therefore, the Court does not have jurisdiction to consider the motion. *See Gentner*, 2019 WL 5581337, at *1.

Regardless, even if the Court were to consider the substance of Defendant's compassionate release motion, it would fail on its merits. As discussed above, § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)).

3

Defendant argues that he should be released from custody because he is particularly vulnerable to the disease caused by the novel coronavirus, COVID-19. (DE 236 at 1.) In support of this argument, Defendant reports that he is 63 years old, has high blood pressure, high cholesterol, asthma, and is currently taking medications that weaken his immune system. (DE 236 at 1.) Simply put, even in the context of the ongoing public health crisis, Defendant has failed to establish that "extraordinary or compelling reasons warrant" his release from custody. While the medical condition of a defendant may in certain circumstances establish the requisite "extraordinary and compelling reasons," Defendant has not shown that he "is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or "is suffering from a serious physical or medical condition,… serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability… to provide self-care within the environment of a correctional facility and from which he… is not expected to recover." U.S.S.G. §1B1.13, comment. (n.1) (2018).[2]

Accordingly, the Court hereby ORDERS that Defendant's renewed motion for a modification to his sentence (DE 236) is DENIED.

Dated May 5, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[2] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).